IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHNNY ALLEN PORTER, SR.,

           Plaintiff,

v.                                     CIVIL ACTION NO.   2:10-cv-01384

PETROLEUM TRANSPORT, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Conditional Certification and Court-Authorized Notification Pursuant to Section 216(b) of the FLSA [Docket 34]. The defendant filed a response to this motion in which they consent to conditional certification and do not oppose court-authorized notification. (Resp. at 1 [Docket 36]). Its response does, however, object to the plaintiff's request for the social security numbers of potential opt-in plaintiffs and request the opportunity to review and object to the language of the plaintiff's proposed notice. Having reviewed these motions and the appropriate standard for conditional certification and court-authorized notification under Section 216(b), the plaintiff's Motion is **GRANTED**.

**I.    Conditional Certification**

The Fair Labor Standards Act ("FLSA") allows a court to certify collective actions by plaintiffs who are "similarly situated. 29 U.S.C. § 216(b). Courts generally use a two-step approach to certify FLSA collective actions. *See Purdham v. Fairfax Cty. Public Sch.*, 629 F.Supp.2d 544 (E.D. Va. 2009); *Westfall v. Kendle Intern., CPU, LLC*, No. 1:05-cv-118, 2007 WL

486606, at *8 (N.D. W. Va., 2007); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 264 (D. Conn. 2002) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995); *Schwed v. G.E. Co.*, 159 F.R.D. 373 (N.D.N.Y. 1995). In the first phase of this inquiry a court examines the pleadings and affidavits of the proposed action in search of a "modest factual showing" that the proposed class is similarly situated. *See Realite v. Ark Rest. Corp.*, 7 F. Supp.2d 303, 306 (S.D.N.Y 1998). Once this hurdle has been cleared, a court conditionally certifies the class so that potential plaintiffs may be notified of the pending action and choose to opt-in if they wish to do so.

A proposed class is similarly situated for the purposed of this inquiry when the plaintiff shows "that putative class members were together the victims of a single decision, policy, or plan that violated the law." *Reeves v. Alliant Techsystems Inc.*, 77 F. Supp.2d 242, 247 (D.R.I. 1999) (internal citations and quotation marks omitted). The plaintiff has alleged facts indicating that a number the defendant's employees were not paid for hours worked as the result of a policy that violated provisions of the FLSA. (Mot. For Conditional Certification and Ct.-Authorized Notice [Docket 34]). These allegations provide more than a "modest factual showing" that the proposed class is similarly situated. *See Reeves*, 77 F. Supp.2d at 247. The court hereby **GRANTS** the plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA [Docket 34].

**II.    Notice**

In their response to the plaintiff's Motion, the defendant request the opportunity to review and object to the language of the plaintiff's proposed notice. Although the plaintiff references a proposed Notice in their Motion, no such proposed Notice appears in the record. The court hereby **DIRECTS** the plaintiff to submit a proposed Notice to the court and to the defendant within **14 days** of the entry of this Order. The defendant shall submit any objections to the

proposed Notice within **14 days** of the filing of the proposed Notice.

### III. Order Compelling Discovery

The plaintiff's Motion also asks the court to order the defendant to produce a computer-readable data file containing the contact information of all potential opt-in plaintiffs, including social security numbers. While the defendant does not oppose this request, it does object to the release of the social security numbers of potential opt-in plaintiffs. Before ordering the release of information about putative class plaintiffs, the party seeking such information for notice purposes must establish a need for that information. *See Ruffin v. Entm't of the E. Panhandle*, No. 3:11-cv-19, 2012 WL 761659, at *6 (N.D. W. Va., March 7, 2012) (citing *Faust v. Comcast Cable Commc'ns Mgmt.*, No. WMW-10-2336, 2011 WL 5244421, at *6 (D. Md., Nov. 1, 2011)). The court **FINDS** that the plaintiff has not established a need for the social security numbers of putative class member and that the other information requested is sufficient to provide notice to the opt-in class. For this reason the court **ORDERS** the defendant to produce, within **14 days** of the date of this Order, a computer-readable data file containing all potential opt-in plaintiffs' names, last-known mailing addresses, last-known email addresses, last-known telephone numbers, work locations, and dates of employment.

### IV. Conclusion

For the foregoing reasons, the court hereby **GRANTS** the plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA [Docket 34]. The court also **ORDERS** the plaintiff to submit a proposed Notice to the court and to the defendant within **14 days** of the entry of this Order. The defendant shall submit any objections to the proposed Notice within **14 days** of the filing of the proposed Notice. Finally, the court **ORDERS** the defendant to produce, within **14 days** of the date of this Order, a

computer-readable data file containing all potential opt-in plaintiffs' names, last-known mailing addresses, last-known email addresses, last-known telephone numbers, work locations, and dates of employment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 28, 2012

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE