IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHNNY ALLEN PORTER, SR.,

           Plaintiff,

v.                                             CIVIL ACTION NO. 2:10-cv-01384

PETROLEUM TRANSPORT, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Summary Judgment [Docket 42]. For the reasons discussed below, this motion is **DENIED**.

**I.    Background**

This case arises from allegations by the plaintiff, Johnny Allen Porter, that the defendant, Petroleum Transport, Inc. ("PTI"), violated the Fair Labor Standards Act ("FLSA") and West Virginia wage and hour laws. Porter was employed by PTI as a truck driver from June 2003 to June 2009. (Compl. ¶ 13). Porter and other drivers transported diesel fuel and gasoline to various PTI customers. During Porter's employment, PTI implemented a policy change regarding payment for its employees' meal breaks. Specifically, PTI stopped paying its employees for lunch breaks. Instead, PTI required employees to clock out for thirty minutes each shift. For employees without access to a time clock, such as truck drivers, PTI began automatically deducting a thirty-minute lunch period when a driver worked a shift of eight hours or more. This policy was in effect until August 1, 2010. Porter alleges that truck drivers were not permitted to leave their trucks for meal breaks. He therefore claims that the thirty-minute pay

deductions for lunch breaks violated the FLSA. (Compl. ¶¶ 14-15). On July 31, 2012, Porter filed the instant motion, asserting that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

## II.  Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126,

1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Discussion

The Fair Labor Standards Act (FLSA) requires that all covered employees be paid a minimum wage for all hours worked. 29 U.S.C. § 206. The regulations accompanying the FLSA exclude bona fide meal periods from compensable work time. 29 C.F.R. § 785.19. To qualify as a bona fide meal period, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." *Id.* Porter claims that he was not completely relieved from duty during his thirty minute lunch breaks. He therefore asserts that he is entitled to compensation for this time under the FLSA.

Porter claims that he is entitled to summary judgment because "no genuine issue of material fact exists as to PTI's failure to comply with the FLSA when it docked the compensation of Mr. Porter and other similarly situated drivers each work day for a 'thirty-minute lunch break' which did not constitute a bona fide meal period." (Mem. in Supp. Pl.'s Mot. for Summ. J. [Docket 43], at 1). PTI, however, maintains that it did not know Porter was remaining in his truck during his lunch breaks. Alternatively, PTI argues that it is exempt from the FLSA pursuant to the Motor Carrier Act exemption.

Under the FLSA, the term "'employ' includes to suffer or permit to work." 29 U.S.C. § 203(g). The FLSA requires an employer to "exercise its control and see that the work is not performed if it does not want it to be performed." 29 C.F.R. § 785.13. "It cannot sit back and accept the benefits without compensating for them." *Id.* In general, therefore, "[w]ork not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. "However, the FLSA

stops short of requiring the employer to pay for work it did not know about, and had no reason to know about." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). Instead, "[t]he words 'suffer' and 'permit' as used in § 203(g) have been consistently interpreted to mean with the knowledge of the employer." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). "Therefore, in order to prove that [the employee] is 'employed' for the purposes of the Act, it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work." *Id.*

PTI maintains that it did not have actual or constructive knowledge that Porter was not leaving his truck in order to take a bona fide meal period during his break. Porter has not alleged that he ever told PTI that he was not taking a bona fide meal break. Additionally, in his deposition, Porter admitted that he does not recall anyone at PTI ever telling him he could not leave his truck for a meal break. He argues, however, that PTI must have had either actual or constructive knowledge that he was not taking a bona fide meal period.

First, Porter argues that PTI had actual or constructive knowledge that he was not leaving his truck during his meal period because federal regulations prohibited him from leaving the truck unattended. 49 C.F.R. § 397.5 provides that a motor vehicle containing certain materials "must be attended at all times by its driver or a qualified representative of the motor carrier that operates it." 49 C.F.R. § 397.5(a). PTI has provided the affidavit of its Director of Transportation, Fred Terwilliger, who states that the fuel Porter transported is not the type of material that requires attendance and surveillance under 49 C.F.R. § 397.5. Therefore, PTI states that federal attendance and surveillance requirements did not require Porter to stay with his truck during his meal period.

Next, Porter argues that PTI must have known that Porter was not taking a bona fide meal period because when the unpaid lunch break policy was implemented, PTI's employees were given a pay increase. Porter has provided a copy of the memorandum from Pat Graney to all PTI employees explaining the new unpaid meal policy. The memorandum explains that each employee will receive a pay increase "[i]n order to minimize the impact" of the policy change." (Pl.'s Ex. A, [Docket 34-1], at 7). The memorandum does not state that employees are expected to continue working through their thirty minute unpaid meal period. To the contrary, the memorandum encourages employees "to take a 30-minute break away from your work to eat and rejuvenate yourself for the rest of your shift." (*Id.*)

Having considered the evidence presented by both parties, the court **FINDS** that there is a genuine issue of material fact regarding whether PTI had actual or constructive knowledge that Porter was not "completely relieved of his duties" during the thirty minute unpaid meal breaks during his shifts. Accordingly, the plaintiff's motion for summary judgment is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 4, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE