IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHNNY ALLEN PORTER, SR.,

           Plaintiff,

v.                                              CIVIL ACTION NO.   2:10-cv-01384

PETROLEUM TRANSPORT, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion for Partial Summary Judgment [Docket 45]. For the reasons discussed below, this motion is **GRANTED**.

    **I.**    **Background**

This case arises from allegations by the plaintiff, Johnny Allen Porter, that the defendant, Petroleum Transport, Inc. ("PTI") violated the Fair Labor Standards Act ("FLSA") and West Virginia wage and hour laws. Porter was employed by PTI as a truck driver from June 2003 to June 2009. (Compl. ¶ 13). Porter and other drivers transported diesel fuel and gasoline to various PTI customers. Sometime during Porter's employment, PTI implemented a policy change regarding payment for trucker drivers' lunch breaks. Specifically, PTI began automatically deducting a thirty minute lunch period when a driver worked a shift of eight hours or more. This policy was terminated on August 1, 2010. Porter alleges that truck drivers were not permitted to leave their trucks for meal breaks. He therefore claims that the pay deductions for

- 1 -

lunch breaks violated the FLSA. (Compl. ¶¶ 14-15). On July 31, 2012, PTI filed the instant motion, seeking partial summary judgment on the issue of the applicable statute of limitations.

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Discussion

PTI claims that a two year statute of limitations applies to this matter because the plaintiff did not plead willfulness in his complaint and because, in any event, there is no genuine issue of material fact with respect to whether PTI's actions were willful. The FLSA provides that an action to enforce unpaid wages "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

The statute of limitations under the FLSA is a two-tiered system. Normal claims must be brought within a two year period. Only claims alleging "willful" violations are subject to a three year statute of limitations. A claim is "willful" under the FLSA if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Negligent conduct is insufficient to show willfulness." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F. 3d 351, 358 (4th Cir. 2011). "Furthermore, the employee bears the burden of proof when alleging a violation is willful." *Id.* (citing *Richland Shoe*, 486 U.S. at 135).

On several occasions, the Fourth Circuit has upheld determinations of willfulness to support a three year statute of limitations under the FLSA. *See Desmond*, 630 F.3d at 358-59; *Martin v. Deiriggi*, 985 F.2d 129, 136 (4th Cir. 1992) (upholding finding of willfulness where there was testimony that the defendants not only failed to keep accurate wage and hour records but destroyed labor records to prevent them from being reviewed by the Department of Labor).; *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987-88 (4th Cir. 1992) (upholding finding of willfulness where

there was testimony by store employees that the store managers gave employees keys to the store specifically so that they could work off the clock without being paid).

In the present case, however, the plaintiff has not provided a scintilla of evidence from which a reasonable trier of fact could conclude that the alleged violations of the FLSA were willful. The plaintiff spends the bulk of his response to the motion for partial summary judgment arguing that PTI's conduct violated the FLSA. The plaintiff has not, however, provided any evidence to show that the alleged violation was willful, nor did he plead willfulness in his complaint. To the contrary, Porter admitted in his deposition that he never told PTI that he was remaining with his truck over his meal period and that no one from PTI ever told him that he should remain with his truck over his meal period. He has not provided any evidence to show that PTI was aware that Porter or any other drivers remained in their trucks during their lunch periods without indicating "No Lunch" on their time cards. Additionally, there is no evidence in the record that Porter or any other employee ever expressed concern about PTI's meal break policy. The only evidence provided by Porter is the fact that in August 2010—over a year after Porter terminated his employment with PTI—PTI changed its meal break policy. The court **FINDS** that the fact that PTI later changed its meal break policy does not by itself create a genuine issue of material fact with respect to whether its previous policy constituted a willful violation of the FLSA.

The plaintiff has not met his burden of proving that the defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F. 3d 351, 358 (4th Cir. 2011). Accordingly, the two year statute of

limitations provided for FLSA violations applies. The defendant's Motion for Partial Summary Judgment is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: Sept 7, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE